```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-61818-CIV-LENARD
                                    (06-20210-CR-LENARD)
                              MAGISTRATE JUDGE P.A. WHITE

STENNTH BARNETT,              :

        Movant,               :     REPORT RE DISMISSAL
                                    FOR FAILURE TO OBTAIN
v.                            :     AUTHORIZATION PURSUANT TO
                                    28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,     :

        Respondent.           :
_____
```

The pro-se movant, Stennth Barnett, filed a motion to vacate pursuant to 28 U.S.C. §2255 attacking his convictions/sentences in criminal case 06-202110-Cr-Lenard. The motion is successive.

On April 24, 1996, the habeas corpus statutes were amended. Included in the amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
>        * * *
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or

> successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
> \*   \*   \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The pro-se movant filed a prior motion to vacate attacking his convictions in 06-20210-cr-Lenard. The motion, assigned case no. 08-61610-Civ-Lenard was denied on March 6, 2009, on the basis that the motion was barred by the statute of limitations, and that the movant had waived his right to appeal when he voluntarily pleaded guilty. No appeal was taken. The petitioner now files a second

motion to vacate based upon newly discovered evidence, alleging ineffective assistance of counsel for failure to check and object to the Present Investigation Report, which would have resulted in a lesser sentence, and by advising him to plead guilty to an incorrect indictment. These issues were raised in his motion to vacate, and were considered waived by his voluntary guilty plea. (Order JAL DE#26). These claims are not newly discovered evidence.

Further, newly discovered evidence must be presented to the Eleventh Circuit Court of Appeals. To file a second or successive motion to vacate in the district court under the newly discovered evidence exception to the AEDPA bar against second or successive motions, a prisoner must obtain authorization from the Court of Appeals. In re Dean, 342 F3d 1247 (CA 11 2003) See: 2244(b)(3)(A).

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report. The movant is cautioned that his prior motion was dismissed as time barred.

It is therefore recommended that the motion to vacate be dismissed as successive.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 18th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Stenneth Barnett, pro-se
Cameron County Detention Center
Address of record